Matter of Adams (2022 NY Slip Op 02789)

Matter of Adams

2022 NY Slip Op 02789

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-05236

[*1]In the Matter of Robert M. Adams, etc., deceased. Anita Cleva Adams, appellant; Aleesa Adams Haro, respondent. (File No. 2489/19)

Farrell Fritz, P.C., Uniondale, NY (Brian P. Corrigan of counsel), for appellant.
Elman Freiberg, PLLC, New York, NY (Jay W. Freiberg and Benjamin S. Litman of counsel), for respondent.

DECISION & ORDER
In a probate proceeding, the petitioner appeals from an order of Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated May 12, 2020. The order granted the motion of the respondent Aleesa Adams Haro for a determination that the in terrorem clause in a second amendment and restatement of a lifetime trust, dated April 24, 2019, would not be triggered by discovery pursuant to section 1404 of the Surrogate's Court Procedure Act in connection with the probate of the instrument purporting to be the last will and testament of the decedent dated April 24, 2019, and to depose the petitioner pursuant to section 1404 of the Surrogate's Court Procedure Act.
ORDERED that the order is affirmed, with costs.
The decedent, Robert M. Adams, died on April 29, 2019. He was survived by the petitioner, his wife Anita Cleva Adams, and two children, the respondent Aleesa Adams Haro and Curtis S. Adams. The decedent's purported will, dated April 24, 2019, was offered for probate. The will devised a condominium in Port Washington to the petitioner with the residuary of the decedent's estate to be placed into a lifetime trust dated November 1, 2013. A second amendment and restatement of the lifetime trust, dated April 24, 2019, provided that upon the decedent's death, the balance of the trust was to be held for the benefit of the petitioner.
Article tenth, section B of the second amendment and restatement of the lifetime trust contained an in terrorem clause, which stated that "[i]f for any reason any Beneficiary, in any manner whatsoever, whether directly or indirectly, opposes, contests, attacks and/or files any objection to or otherwise delays the probate of the Grantor's Last Will and Testament, or any provision thereof, regardless of whether such opposition, contest, attack, and/or objection is subsequently withdrawn, then, notwithstanding anything in this Agreement to the contrary, said Beneficiary shall, for all purposes of this Agreement, be deemed to have predeceased the Grantor leaving no issue."
Haro moved, inter alia, to conduct pre-objection discovery pursuant to SCPA 1404. She specifically sought the deposition of the petitioner and a determination that such discovery would not trigger the in terrorem clause and result in a forfeiture. The petitioner opposed the motion. [*2]In an order dated May 12, 2020, the Surrogate's Court granted the motion. The petitioner appeals.
In terrorem clauses, while valid and enforceable, are not favored by the courts and will be strictly construed (see Matter of Ellis , 252 AD2d 118). EPTL 3-3.5(b)(3)(D) provides that the preliminary examination under SCPA 1404 of the attesting witnesses, the person who drafted the will, the nominated executors, and the proponents in a probate proceeding will not result in the forfeiture of any benefit under the will. The petitioner was the nominated executor under the will and falls within this category of persons who may be deposed without fear of triggering an in terrorem clause. Accordingly, Haro's motion was properly granted by the Surrogate's Court.
BARROS, J.P., IANNACCI, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court